UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Appeal No. 10-7130

In The Matter of: Elliotte Patrick Coleman

---

| | |
|---|---|
| ELLIOTTE PATRICK COLEMAN | |
| Appellant, | 1:10-cv-01087-RMC |
| v. | |
| THE NATIONAL COMMUNITY REINVESTMENT COALITION | Filed: November 2, 2011 |

### ELLIOTTE P. COLEMAN'S PETITION FOR PANEL REHEARING

Pursuant to Fed. R. Civ. Pro. 40(a)(1) Appellant Elliotte P. Coleman ("Coleman"), *proceeding pro se,* hereby moves this court for a panel rehearing of its October 19, 2011 Order denying his request for an extension of time to file a brief, granting the National Community Reinvestment Coalition's motion to dismiss, and denying his motion for leave to petition the district court to vacate judgment. In the following, Coleman addresses each oversight respectively.

### Background

This appeal is intrinsically related to *Coleman v. Countrywide,* Appeal No. 10-7091, currently pending before this court. Countrywide and Coleman has agreed to a number of extensions in order to complete settlement negotiations the latest of which was filed by Countrywide on behalf of the parties on October 6, 2011. In *Coleman v. The National Community Reinvestment Coalition* ("NCRC"), Appeal No. 10-7130, and subsequent to July 8, 2011, Coleman submitted numerous requests for an extension of time within which he stated

that he would consider a settlement in the Countrywide appeal a settlement to the NCRC appeal. NCRC did not oppose these extension requests.

On July 8, 2011 Coleman filed an addition motion for an extension of time and a request for leave to petition the District Court to vacate judgment. On July 22, 2011 NCRC file its motion to dismiss and subsequently, Coleman filed a motion to vacate judgment in *Coleman v. NCRC,* District Court Case No. 10-01087, in the District Court on July 31, 2011. By Order dated August 1, 2011 it denied the motion and on August 25, 2011 Coleman filed a timely notice of appeal. Within the notice of appeal Coleman requested that the Court of Appeals review the District Court's decision in the context of Appeal No. 10-7130. Upon information and belief, the Court of Appeals did not generate an additional appeal number under which to review the District Court's August 1, 2011 order. Coleman's sole purpose in requesting that the Court of Appeals review the District Court's order denying the vacation motion was to prevent the Court from having to generate a separate appeal number.

**Argument**

Coleman concedes that he did not file his latest request for an extension of time until July 8, 2011, the day the brief was due. However, he asserts that the Court abused its discretion in dismissing the action under these circumstances. Coleman is *proceeding pro se* and it is well settled that the Court must give him leeway when construing his papers. See *Haines v. Kerner,* 404 U.S. 519, 510 (1972). The July 8 extension request was not the first submitted by Coleman in this case. For example, on May 24, 2001 he submitted an extension request within which he clearly referenced his settlement negotiations with Countrywide which if successful, would resolve this action. Coleman's intentions were quite clear and NCRC did not oppose the motion. To this date, the settlement negotiations are ongoing. It was not his intent to prejudice NCRC or to delay this action without good purpose. Coleman's failure to file the extension request at least 7 days prior to July 8, 2011 simply does not warrant dismissal under these circumstances.

The Court of Appeals has acknowledged the intrinsic nature of the NCRC and Countrywide appeals. This explains why on September 19, 2011, by its own motion, it ordered that the NCRC and Countrywide appeals be consolidated.

Also, on October 19, 2011 the Court of Appeals ordered that Coleman's July 8, 2011 motion for leave to petition the district court to vacate judgment be dismissed as moot. Irrespective of the Court's decision that the motion for leave as moot, Coleman asserts that he is still entitled to review of the District Court's August 1, 2011 order denying the motion to vacate judgment.

The appellate court's order that Coleman file a brief by July 8, 2011 proceeded his July 31, 2011 motion to vacate judgment, a separate and distinct action. Coleman acknowledges that he sought leave of the Court of Appeals to petition the District Court to vacate the judgment on July 8, 2011, however, irrespective of the then pending request for leave, the District Court assumed jurisdiction and denied the motion to vacate the judgment on August 1, 2011. On August 25, 2011 Coleman filed a timely notice of appeal which warrants review by this Court.

Again, as stated earlier, with his August 25, 2011 notice of appeal Coleman stated he hoped that, "..the Court of Appeals will review the District Court's decision denying the Rule 60(b)(1) motion in the context of Appeal No. 10-7130. Coleman did not state, or in any way imply, that he would relinquish his right to review of the District Court's order denying the motion to vacate if it found cause to dismiss Appeal No. 10-7130. On information and belief the Court of Appeals has not assigned an appeal number to Coleman's August 25, 2011 notice of appeal and the court's dismissal of Appeal No. 10-7130 does not eliminate Coleman's right to review of the District Court's August 1, 2011 order particularly when considering that the court did not provide Coleman any notice whatsoever of its intent to review the District Court's August 1, 2011 order in the context of Appeal No. 10-7130 or make any accommodation whatsoever for review.

The scheduling order which ordered Coleman to submit a brief by July 8, 2011 had already been prepared well prior to Coleman submitting his motion to vacate to the District Court. Subsequently, Coleman filed timely notice of appeal on August 25, 2011. Clearly, the Court of Appeals has made no accommodations for review.

### Conclusion

Coleman's failure to file the extension request until July 8, 2011, the date the brief was due, does not warrant dismissal under the circumstances. Furthermore, the Court has inappropriately denied Coleman review of the District Court's August 1, 2011 order denying his motion to vacate judgment. To date, Coleman has not received a response from this appellate court to his timely August 25, 2011 notice of appeal.

Coleman moves this court to reinstate Appeal No. 10-7130 with specific instructions on how it intends on reviewing the District Court's August 1, 2011 order (e.g. create a separate appeal number to be consolidated with Appeal No. 10-7130, or notice that it will review the District Court's order in the context of Appeal No. 10-7130, etc.) At a minimum, this court should assign Coleman's August 25, 2011 notice of appeal an appeal number and proceed with review.

Respectfully submitted,

Elliotte P. Coleman
2730 Knox Terrace, S.E.
Washington, D.C. 20020
(202) 889-0920

Dated:    November 2, 2011

## **CERTIFICATE OF SERVICE**

I, Elliotte Patrick Coleman, hereby certify that a copy of the foregoing Request for Panel Rehearing was mailed via first class mail, postage prepaid, this 2th day of November, 2011 to the following party:

William J. Hickey
333 Wood Lane
Rockville, Md 20850

Sincerely,

Elliotte Patrick Coleman, Pro Se

Dated:   November 2, 2011